UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS BELL,

        Plaintiff,

    v.                                              Case No. 23-cv-1092-bhl

PNC BANK NATIONAL ASSOCIATION,

        Defendant.

## ORDER GRANTING MOTION TO DISMISS

        In 2003, Plaintiff Thomas Bell signed a $75,000 note and mortgage with St. Francis Bank. PNC Bank, N.A. (PNC) later acquired St. Francis Bank and now services Bell's loan. Bell claims that, at some uncertain time, his note was lost, and that PNC does not have a copy. He further alleges that PNC does not have any account statements dated prior to 2011. Invoking Wis. Stat. § 403.309, Bell filed suit in state court seeking a declaratory judgment that, based on these facts, his mortgage be "deemed satisfied." Bell also seeks an affirmative judgment against PNC for $53,380.16 under a theory of unjust enrichment based on amounts he previously paid after the note was lost. After being served with the complaint, PNC timely removed the case to this Court and moved to dismiss. (ECF Nos. 1 & 10.) Bell responded with an Amended Complaint in which he seeks the same two forms of relief. (ECF No. 11.) PNC has responded by again moving to dismiss. (ECF No. 12.) Because Bell's claims fail based on his pleadings, the Court will grant PNC's motion and dismiss Bell's claims, but will do so without prejudice.

### FACTUAL BACKGROUND[1]

        On April 25, 2003, Bell and his late wife obtained a $75,000 mortgage loan from St. Francis Bank, F.S.B. (ECF No. 11 ¶¶2–3.) The mortgage secured the entire $75,000 loan "or such portion thereof as may from time to time be advanced under the terms of the loan evidenced" by the note. (*Id.* ¶3.) PNC now claims the right to collect the $69,735.11 balance it

---

[1] These facts are derived from Bell's Amended Complaint, (ECF No. 11), the allegations in which are presumed true when considering a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

was still owed as of May 2023. (*Id.* ¶¶4, 12.) PNC admits it does not have a copy of the note. (*Id.* ¶5.) Bell also claims PNC lacks account statements for payments made prior to 2011 and, without them, is unable to establish the terms of the agreement, nor how much Bell has paid on the mortgage. (*Id.* ¶¶6–8.) According to Bell's account statements, he paid $32,980.16 on the note from 2011 through July 2023, in addition to an estimated $20,400 he paid previously. (*Id.* ¶18.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint will survive if it "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

Bell seeks a declaratory judgment that his mortgage has been satisfied because PNC has lost his note, is unable to produce a copy, and cannot establish the mortgage's terms. (ECF No. 11 ¶¶13–14.) He also brings a claim for unjust enrichment, asking the Court to order that PNC return every dollar he has paid it under the mortgage. (*Id.* ¶¶15–18.) PNC seeks to dismiss both claims. It argues that declaratory judgment is inappropriate because Bell has other civil remedies available to him and cannot establish a legally protectable interest. PNC also contends that Bell's claim for unjust enrichment is barred by the existence of the mortgage contract or, alternatively, by the applicable statute of limitations. As explained below, Bell's requests for declaratory relief and for unjust enrichment fail based on his own allegations. Accordingly, his complaint will be dismissed, but without prejudice.

I. **Bell's Well-Pleaded Facts Preclude the Declaratory Relief He Seeks.**

As an initial matter, both parties analyze Bell's declaratory judgment claim under the Wisconsin state declaratory judgment statute. But that procedural statute is inapplicable in federal court. Given the alleged amount in controversy and the parties' citizenship, this Court can adjudicate this case under its diversity jurisdiction. *See* 28 U.S.C. § 1332. This does not

mean, however, that the procedural statutes invoked when the case was pending in state court continue to apply. "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). A federal court asked to enter declaratory relief does so under the Federal Declaratory Judgment Act (FDJA), 28 U.S.C. § 2201. This statute is a procedural tool, not a source of substantive law. *See Med. Assurance Co. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010).

Bell filed his lawsuit in state court, where he properly invoked Wisconsin's Uniform Declaratory Judgments Act (WDJA), Wis. Stat. § 806.04. But that statute, like the FDJA, is primarily procedural and is not the source of any substantive rights asserted by Bell. Accordingly, the Court must analyze Bell's request for declaratory judgment under the FDJA, not the WDJA. In this case that distinction is largely academic, as Bell has requested relief that cannot appropriately be granted through declaratory judgment using either procedure.

With respect to the substance of his claim, Bell invokes Wisconsin's version of a section of the Uniform Commercial Code dealing with the enforcement of lost promissory notes, Wis. Stat. § 403.309, and seeks a declaration that his mortgage is "deemed satisfied." (ECF No. 11 ¶¶10, 13.) His request for declaratory relief fails because he misreads and misunderstands the state statute.

Section 403.309 addresses the enforcement of "lost, destroyed, or stolen" instruments, including promissory notes. Subsection (1) of the statute provides:

> (1) A person not in possession of an instrument is entitled to enforce the instrument if all of the following apply:
> (a) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure.
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Section 403.309(2) sets forth specific requirements for a party seeking to enforce a lost or missing note. These requirements allow a person who would have the right to enforce the missing instrument to achieve the purpose of the note (usually payment from the maker) while also protecting the maker of the note from double payment. Accordingly, the would-be enforcer

of the note must "prove the terms of the instrument" and his or her "right to enforce" it and, once established, the person can enforce the note as if the note was in his or her possession. § 403.309(2). The statute further provides that a court cannot enter judgment enforcing the lost note unless the person against whom the note is being enforced "is adequately protected" against claims by a third party who might find and seek to enforce the lost instrument a second time. *Id.*; *see also* U.C.C. § 3-309 cmt. 1 (Am. L. Inst. & Unif. L. Comm'n 2022) (explaining the Court's role in applying the "flexible concept" of adequate protection).

Bell alleges that "PNC has no note and cannot establish the terms of the lost note" and therefore, "PNC does not have a right to enforce the note" under Section 403.309. (ECF No. 13 at 2; ECF No. 11 ¶¶5, 7, 11.) If Bell requested declaratory relief that PNC cannot therefore enforce the note because it cannot establish the statutory prerequisites, his claim would survive dismissal. And if he then proved his allegations, Bell would be entitled to that declaratory relief. But Bell seeks a different declaration, one that goes beyond what the statute authorizes. Bell asks the Court to enter a declaratory judgment that his mortgage is "deemed satisfied." (ECF No. 11 ¶14.) He has pleaded no facts and invoked no substantive legal theory on which the Court could make such a declaration. Indeed, Bell admits having signed the mortgage note, having granted PNC or its predecessor a mortgage interest, and having made payments on his admitted obligation under the note. (*Id.* ¶¶2, 18.) He does not allege that he has paid off or otherwise satisfied his obligations under the instrument. Accordingly, even if the Court were to find that PNC is not in possession of the note and unable to satisfy the requirements of Section 403.309 (and thus unable to enforce the note), it could not declare that the note was satisfied. It would mean only that PNC would not, at present, be able to enforce the note against Bell. Because Bell's pleaded facts, even if proved true, would not authorize the Court to grant the relief he seeks, his claim for declaratory judgment will be dismissed.

## II. Bell's Claim for Unjust Enrichment Fails as a Matter of Law.

Under Wisconsin law, the elements of unjust enrichment are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value." *Puttkammer v. Minth*, 266 N.W.2d 361, 363 (Wis. 1978) (collecting cases). Recovery for unjust enrichment "is based upon the universally recognized moral principal that one who has received

a benefit has the duty to make restitution when to retain such benefit would be unjust." *Id.* (quoting *Fullerton Lumber Co. v. Korth*, 155 N.W.2d 662, 664 (Wis. 1968)). But unjust enrichment "does not apply where the parties have entered into a contract." *Cont'l Cas. Co. v. Wis. Patients Comp. Fund*, 473 N.W.2d 584, 587 (Wis. Ct. App. 1991) (citing *Watts v. Watts*, 405 N.W.2d 303, 313 (Wis. 1987)).

Bell's unjust enrichment claim also rests on the alleged unenforceability of the mortgage note under Section 403.309. According to Bell, PNC accepted mortgage payments from him "when it had no right to receive funds" and it would be inequitable for PNC to keep those payments. (ECF No. 11 ¶16.) He seeks the return of all monies he paid on the mortgage, an estimated $53,380.16. (*Id.* ¶18.) PNC seeks dismissal on grounds that his unjust enrichment claim is barred by the existence of an express contract.[2] (ECF No. 12-1 at 9–10.) Bell counters that the mortgage note is unenforceable under Section 403.309, and therefore his claim for unjust enrichment is not based on a contract. (ECF No. 13 at 8–9.)

Wisconsin law is somewhat unclear on how Section 403.309 should be applied to a claim for unjust enrichment, but the Court need not resolve this dispute between the parties. Even if PNC is unable to enforce the note under Section 403.309, Bell does not allege that he did not receive the counterperformance specified in his mortgage loan agreement. His amended complaint focuses solely on allegations that PNC has lost the note and, therefore, cannot enforce it under Section 403.309. Bell thus implicitly confirms that he did, in fact, receive the $75,000 specified in the mortgage contract from PNC's predecessor-in-interest. (*See* ECF No. 11 ¶3.) Under the Restatement (Third) of Restitution and Unjust Enrichment § 32, "[t]here is no unjust enrichment if the claimant receives the counterperformance specified by the parties' unenforceable agreement." And "[t]he jurisprudence of unjust enrichment in Wisconsin is consistent with that found in the recognized treatises and encyclopedias." *Lawlis v. Thompson*, 405 N.W.2d 317, 320 (Wis. 1987) (citing Restatement of Restitution, Unjust Enrichment, sec. 1, pp. 12–13). Therefore, even assuming the veracity of Bell's alleged facts *and* his argument that a contract's unenforceability under Section 403.309 permits a claim for unjust enrichment based on that contract, the Restatement (Third) of Restitution and Unjust Enrichment and Wisconsin law bar his recovery. This Court has previously concluded the same in analogous circumstances.

---

[2] PNC also argues that Bell's unjust enrichment claim is barred by the applicable statute of limitations in Wisconsin. (ECF No. 12-1 at 10.) Because the Court will dismiss Bell's claim on other grounds, it will not reach this argument.

*See Mayotte v. Associated Bank, N.A.*, No. 07-C-0033, 2007 WL 2358646, at *8 (E.D. Wis. Aug. 17, 2007) (dismissing a claim for unjust enrichment under Wisconsin law where the plaintiff received the compensation specified in the subject allegedly unenforceable contract). Nothing in Bell's pleadings plausibly suggests that he made payments other than those he agreed to make when he first entered into the mortgage loan agreement. That his lender lost his note at some point does not entitle him to complete loan forgiveness or a free house.

The Court's conclusion is also consistent with the third element of an unjust enrichment claim. To recover for unjust enrichment, Bell must show that PNC collected his mortgage payment "under circumstances making it inequitable for [PNC] to retain the benefit without payment of its value." *See Puttkammer*, 266 N.W.2d at 363. But, as the Court has explained, Bell has affirmatively alleged that he received (from St. Francis Bank, later acquired by PNC) the loan he wanted and thus obtained the benefit conferred by his mortgage payments. In other words, he admits receiving the $75,000 loan identified in the missing note and described in his mortgage. It would not be inequitable for PNC to retain payments made under a contract on which it performed, even if the note is lost. To the contrary, it would be perverse and inequitable to grant Bell the relief he requests—gifting him the entirety of the loan he received, and a return of money he previously paid on that loan, simply because, at some point, his mortgage lender or its successor may have lost the underlying instrument.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that PNC Bank, N.A.'s Motion to Dismiss, ECF No. 12, is **GRANTED** and Bell's Amended Complaint is **dismissed** without prejudice. If Bell wishes to pursue this case further he must file, on or before **March 18, 2024**, a Second Amended Complaint that addresses and corrects the flaws identified by the Court.

**IT IS FURTHER ORDERED** that PNC's first Motion to Dismiss, ECF No. 10, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on February 16, 2024

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge